UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATHEW V. BRIZENDINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-1197-RLY-TAB |
| | ) |
| CAROLYN W. COLVIN Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel July 10, 2014, for an oral argument on Plaintiff's claim for disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. As set forth below, the Magistrate Judge recommends that the ALJ's decision be affirmed, and that judgment be entered against Plaintiff and in favor of Defendant. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT: I will now recommend my conclusions in this case which I do with the benefit of the briefing and the oral argument that we just completed. This case arises from Plaintiff, Mathew Brizendine's, July 6, 2010, applications for disability insurance benefits and

for supplemental security income benefits. The alleged disability onset date was October 31, 2009.

After a hearing before an administrative law judge, it was found that Plaintiff was not disabled. On June 4, 2013, the appeals counsel denied Plaintiff's request for review, and this appeal followed.

In considering this appeal I am bound by the standard review which provides that the commissioner's factual findings shall be conclusive if substantial evidence supports them. Powers, P-O-W-E-R-S v. Apfel, A-P-F-E-L, 207 F.3d 431 at 434-435 (7th Cir. 2000).

Plaintiff raises five issues in this appeal. First, that the ALJ did not obtain a valid waiver of counsel or fully and fairly develop the record; two, that substantial evidence does not support the ALJ's conclusion that Plaintiff was not disabled because his impairments did not meet or equal a listing; three, the ALJ erred in failing to summon a medical advisor; four, the ALJ's credibility determination is patently erroneous; and five, the ALJ's step-five determination is not supported by substantial evidence.

I will first address whether the ALJ obtained a valid waiver of counsel. To secure a valid waiver of counsel, an ALJ must explain to an unrepresented claimant the manner in which an attorney can aid in the proceedings, the possibility of free counsel, or a contingency agreement and the limitation of attorney fees to 25 percent of past due benefits and required court approval of the fees, Binion, B-I-N-I-O-N v. Shalala, S-H-A-L-A-L-A, 13 F.3d 243 at 245 (7th Cir. 1994).

The record, specifically at pages 31 and 32, reflects that the ALJ advised the Plaintiff of all salient facts and requirements. The Plaintiff's argument to the contrary borders on the frivolous. As acknowledged during oral argument, the ALJ did not say anything to the claimant that wasn't true, and while the ALJ did not specifically use the word "contingency," the ALJ went to great lengths to explain exactly what a contingency fee meant, which under any reasonable analysis, would be more instructive to a claimant than using the word "contingency."

2

The ALJ specifically noted that the Plaintiff previously had a representative and asked him whether he wanted to proceed or adjourn to try to obtain additional representation. Plaintiff declined representation and stated he wished to proceed without representation.

Plaintiff contends in his brief, signed under Rule 11, that the ALJ asked Plaintiff a "series of leading questions." That is in the brief at -- which is Docket No. 15 at page 10. This assertion has no support in the record. Plaintiff also signed a written waiver of counsel form that is in the record at page 28, and that form contains all the requirements for a valid waiver of representation.

Plaintiff's entire argument in this regard fails. Moreover, the ALJ asks the Plaintiff numerous questions about his work history, impairments, and their effect on his functioning, treatment history, medication, and daily activities. That is in the record at pages 40 through 62. The Plaintiff's wife also testified.

The Plaintiff has not met his burden of showing that he was prejudiced or treated unfairly. The ALJ adequately developed a full and fair record. Plaintiff argues that he was prejudiced or treated unfairly because based on the hearing testimony, the ALJ should have ordered a neurological evaluation.

Plaintiff testified that after he passed out in April of 2011, he was supposed to get a neurological evaluation, but it had to be rescheduled. And he also stated, "and now with the insurance, I don't know if I can get it done or not." That is in the record at page 58.

The Plaintiff contends that the ALJ should have ordered a neurological evaluation because the fainting episodes seemed to be connected to his left leg thoracic spine problems, but there is scant evidence in the record about the Plaintiff's fainting spell. The record shows that in April of 2011, the Plaintiff went to the emergency room after fainting. He had a normal neurological evaluation and EKG.

He was not admitted to the hospital, and he reported that he had a history of passing out from a nerve pill he took. That is in the record at pages 463 through 475. Plaintiff's call for a

remand based on this record, and his own speculation does not show any unfairness or prejudice.

The second issue is whether substantial evidence supports the ALJ's finding in step three that Plaintiff was not disabled and did not meet or equal a listing. At step three, the ALJ found Plaintiff's lumbar spine dysfunction did not show evidence of listing level spinal stenosis, nerve root compression, or arachnoiditis. She also noted that no medical source mentioned findings equivalent in severity to the criteria of any listed impairment alone or in combination.

I find the ALJ's decision was sufficiently articulated and supported, and Plaintiff has not met his burden of showing that his impairments met or medically equaled the requirements for Listing 1.04A. The Plaintiff claims that the elements of Listing 1.04 were approved by treatment records, the MRI evaluations, and the opinions of his treating spine specialist, Dr. Prince. That is in his opening brief, Docket No. 15 at page 14, when he makes little effort to explain how this evidence shows that his back impairment is met or medically equaled all of the requirements for Listing 1.04A. Rather, the Plaintiff notes a July 2011 MRI, and Dr. Prince's appointment one week later showed that the Plaintiff had a herniated disk that caused spinal cord flattening. He claims, without explanation, that the ALJ rejected this evidence, but that is not correct.

Plaintiff's opening brief and argument section cites only to the July 11, 2011 MRI and the July 9, 2011 evaluation by Dr. Prince which do not establish all the elements of the listing. The MRI to which Plaintiff refers, indicates that he had no acute thoracic fractured and mild or minimal results, including small thoracic extrusions, most notably on the right side of the T7 through T8 level where there was mild right dural sac impression and minimal right cord flattening. That is in the record at page 457. The ALJ considered this when she analyzed Plaintiff's back impairments at page 19 of the record.

Contrary to the Plaintiff's claim, the ALJ noted that Dr. Prince assessed Plaintiff with a thoracic herniated disk. That is in the record at page 19. As the ALJ noted and as the Plaintiff ignores, Dr. Prince recommended that Plaintiff get a thoracic epidural injection in

4

September 2011, and there is nothing in the record that suggests the Plaintiff ever did that, apparently because he could not be taken off of a blood thinner. The record contains no further evidence regarding the Plaintiff's back impairments. In addition, the ALJ found that no medical source mentioned findings equivalent in severity to the criteria of any listed impairment alone or in combination.

Plaintiff cites additional portions of the record in support of his position in his reply brief, specifically Docket No. 27 at page 4, but arguments raised for the first time in reply are waived. As I have noted in other cases, Plaintiff's counsel's approach to briefing seems to be to set forth a statement of facts, then follow that with largely boilerplate arguments recycled from prior briefs.

I would respectfully remind Plaintiff's counsel that this approach is neither effective for his client nor helpful to the court. As the Seventh Circuit remarked in United States v. Dunkel, D-U-N-K-E-L, 927 F.2d 955 at 956 (7th Cir. 1991), a skeletal argument does not preserve a claim. Judges are not like pigs hunting for truffles buried in briefs; thus, arguments made in reply for the first time are waived. See also Puffer, P-U-F-F-E-R v. Allstate, 675 F.3d 709 at 718 (7th Cir. 2012).

For these reasons, Plaintiff has waived his argument with respect to Listing 1.04 except for those set forth in the argument section of his opening brief. But even if the Plaintiff had not waived those arguments, he has not met his burden of showing that he met all of the requirements of Listing 1.04A. I have reviewed the evidence that Plaintiff set forth in his reply brief, and while there is some evidence of a listing, specifically in the record at page 460, pages 339 through 341, and 302, I don't think that the ALJ erred in her analysis.

The ALJ discussed all of the pieces of evidence that support a finding of the listing but ultimately determined that the mild diagnosis that is in the record at pages 458 and 460, straight leg raises and decreased range of motion was not enough to satisfy the listing when there was also evidence that Plaintiff had a normal gait, was able to get on and off the exam table with ease, and

showed no muscle weakness upon examination despite subjective complaints by the Plaintiff.

Ultimately, substantial evidence supports the ALJ's finding, and the ALJ presented a logical and accurate bridge from the evidence to a conclusion. As Defendant asserts in response, just because the Plaintiff disagrees with the ALJ's listing conclusion does not mean that remand is appropriate. On appeal, I am bound by the standard review, that being the substantial evidence standard, and the ALJ's decision concerning Listing 1.04A satisfies that standard.

The third issue presented on appeal is whether the ALJ erred in failing to summon a medical expert to testify as to whether his impairments medically equaled Listing 1.04A. Plaintiff contends that because no expert, specifically an orthopedist, testified at the hearing, the ALJ's medical equivalence finding was based on the layperson's opinion. I disagree.

As Plaintiff acknowledges, state agency reviewing physicians J.V. Corcoran's, C-O-R-C-O-R-A-N and Jonathon, J-O-N-A-T-H-O-N Sands completed disability determination in transmittal forms as well as physical residual functional capacity or RFC forms. That is in the record at pages 76 through 79.

These physicians' opinions constitute substantial evidence supporting the ALJ's step three finding. Scheck, S-C-H-E-C-K v. Barnhart, B-A-R-N-H-A-R-T, 357 F.3d 697 at 700 (7th Cir. 2004). As in Scheck, the state agency physicians concluded that Plaintiff's impairment did not meet or medically equal a listing, and no physician of record provided a contrary opinion. Indeed, no medical source opined that Plaintiff''s impairments were disabling as Plaintiff's counsel acknowledged at argument.

Plaintiff argues that the ALJ could not have reasonably relied upon the opinions of Drs. Corcoran and Sands because these opinions were dated October 26, 2010, and February 24, 2011. And these physicians did not consider a July 2011 thoracic MRI or Dr. Prince's thoracic evaluation one week later.

6

But Plaintiff offers no explanation as to how or why this evidence would have "presumably" compelled Drs. Corcoran and Sands to change their mind. Plus Plaintiff has either waived this argument by failing to set forth how this evidence was relevant to the ALJ's finding or at best, set forth an argument that is based only on speculation and ignores the important fact that no other treating source, including Dr. Prince, provided a step three or RFC opinion contrary to those of the state agency reviewing physicians.

In sum, the decision to use a medical expert is discretionary, and the ALJ acted within her discretion in not summoning a medical expert. Substantial evidence, therefore, supports the ALJ's step three finding.

The fourth issue on appeal is whether the ALJ's credibility determination is patently erroneous. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms but then found that his statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. That is in the record at page 17.

While it is true that the ALJ's decision contains some boilerplate language that the Seventh Circuit has frowned upon, a fair reading of the ALJ's decision shows that the ALJ considered a host of factors in assessing the Plaintiff's credibility as set forth at pages 17 through 20 of the record. The ALJ considered Plaintiff's subjective statements, including testimony as to the severity of his symptoms and their effects on his functioning.

The ALJ considered Plaintiff's treatment history and found that he received relatively conservative care for his impairments. She considered the objective medical evidence and exam findings as they related to each impairment and found that they showed largely, normal to mild results. The ALJ also gave some weight to the state agency reviewing physicians' opinions but assessed greater physical limitations based upon Plaintiff's subjective complaints and evidence received at the hearing level.

She gave less weight to the state agency reviewing psychologist's step three opinions but ultimately reached the same mental RFC as they did. Indeed, despite finding the Plaintiff had no severe mental impairments, the ALJ limited him to simple repetitive work in consideration of his subjective complaints of distraction due to pain.

Plaintiff's attack on the ALJ's credibility determination is, itself, largely a boilerplate recycled argument that is conclusory and undeveloped. The Plaintiff does not cite any other record evidence that he believes the ALJ overlooked or that would support a finding of disability as was his burden to do.

Although the ALJ did not find Plaintiff entirely credible, the ALJ did not doubt Plaintiff experienced symptoms from his impairments and clearly factored this into the RFC finding by providing for light work with several additional limitations as set forth in the record at pages 16 through 20. Given the evidence of the record, the ALJ's credibility finding was not patently wrong; and therefore, remand on this issue is not appropriate.

The fifth and final issue is whether substantial evidence supports the ALJ's step five finding. Plaintiff claims that the ALJ's RFC finding in the hypothetical questions posed to the vocational expert did not account for Plaintiff's mild deficiencies in social functioning and moderate deficiencies in concentration, persistence, or pace because it limited him only to simple routine tasks. The ALJ here found that Plaintiff had no limitations in social functioning and only mild limitations in concentration, persistence, or pace.

Plaintiff does not object to the ALJ's finding that Plaintiff did not have a severe mental impairment nor her findings that he had no limitations in activities of daily living or social functioning and mild limitations in concentration, persistence, or pace.

With respect to Plaintiff's activities and limitations, I will note that the ALJ stated that the claimant testified that he drives, does laundry, and maintains his hobby of working on machine parts. He also said that he cooks on occasion, including making pancakes or preparing food on the

grill. He plays video games and card games with others. He does research on a daily basis on the Internet. He also drives and goes shopping with his wife.

Socially, although the claimant reports that he has difficulty getting along with other people, he spends time with others playing board games or card games. That is in the record at page 20. The Plaintiff also ignores that the ALJ's mental RFC finding specifically addressed Plaintiff's claimed difficulty with concentration, as the ALJ stated that she considered Plaintiff's subjective complaints of distractions due to pain in limiting him to simple routine tasks.

Despite finding that Plaintiff had no severe mental impairment, the ALJ considered Plaintiff's mental impairments and limited him to simple routine work, consistent with the opinions of the state agency reviewing psychologists. Thus, the ALJ supported her mental RFC finding with substantial evidence that reasonably considered Plaintiff's mild limitations and concentration, persistence, or pace. Plaintiff's arguments on this point are, once again, largely undeveloped and not particularly helpful.

Substantial evidence, therefore, supports the ALJ's step five finding. And in my view, Plaintiff has not identified any error in this regard. For these reasons, I find that the ALJ's decision is supported by substantial evidence and should be affirmed in all respects.

Dated: 7/29/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov