UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATHEW V. BRIZENDINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-01197-RLY-TAB |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Mathew Brizendine, appeals the Administrative Law Judge's decision denying his applications for supplemental social security income and social security disability benefits. Pursuant to 28 U.S.C. § 636, the court referred the matter to the Magistrate Judge (Filing No. 28), who submitted his report and recommendation on July 29, 2014. (Filing No. 32). Plaintiff objects to the Magistrate Judge's report and recommendation. (Filing No. 33). For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's report and recommendation.

**I.     Background**

Brizendine applied for social security and disability benefits on June 8, 2010. His applications were denied initially and on reconsideration. An Administrative Law Judge ("ALJ") held a hearing on the applications on October 12, 2011, and denied the

1

applications on April 20, 2012. At that hearing, Brizendine was no longer represented by counsel.

On appeal, Brizendine raised five issues: (1) the ALJ did not obtain a valid waiver of counsel or fully and fairly develop the record; (2) substantial evidence does not support the ALJ's conclusion that Plaintiff was not disabled because his impairments did not meet or equal a listing; (3) the ALJ erred in failing to summon a medical advisor; (4) the ALJ's credibility determination is patently erroneous; and (5) the ALJ's step-five determination is not supported by substantial evidence. In his report and recommendation, the Magistrate Judge found that the ALJ did not err regarding those five issues. Plaintiff now objects only to the Magistrate Judge's conclusion regarding the waiver of counsel.

## II. Standard

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the magistrate judge's decision as to those issues is supported by substantial evidence or was the result of an error of law. FED. R. CIV. PRO. 72(b). The district court "'makes the ultimate decision to adopt, reject, or modify' the report and recommendation, and it need not accept any portion as binding;" the court may, however, defer to and adopt those conclusions where a party did not timely object. *Sweet v. Colvin*, No. 1:12-cv-00439-SEB-TAB, 2013 WL 5487358, * 1 (S.D. Ind. Sept. 30, 2013) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009)).

2

**III. Discussion**

Plaintiff only objects to the Magistrate Judge's finding that Brizendine waived his right to have an attorney represent him at the hearing. A claimant has a statutory right to counsel at a disability hearing. *See* 42 U.S.C. § 406, 20 C.F.R. 404.1700. Nevertheless, a claimant who is properly informed of his right may waive it. *See Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). "To ensure a valid waiver of counsel, we require the ALJ to explain to the pro se claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Id.*

In support of his argument that the waiver at issue here was not valid, Plaintiff states that "[t]he ALJ should have recognized that the claimant wanted to be represented by an attorney and should have continued the hearing to permit him to obtain one." Notably, Brizendine does not object to the Magistrate Judge's finding that the ALJ's advisement satisfied *Binion*.

> The ALJ advised Brizendine about the waiver of counsel as follows:
>
> You do have the right to be represented by an attorney or non-attorney of your choice. A representative can help you obtain information about your claim, can help to protect your rights, and can present your evidence in a way that's most favorable to you. A representative may not charge a fee or receive payment unless I approve the fee. And I am authorized to approve a fee that is the lesser amount of either 25 percent of past due benefits or $6,000. But that's only if a favorable decision is issued. Now, there are some legal service organizations that offer legal representation free of charge if you satisfy the qualifying requirements for that organization.

3

Brizendine responded that he understood his rights. The ALJ then asked, "Would you like to proceed today without a representative – I do note that you previously had a representative appointed – or would you like an adjournment to try to obtain additional representation?" Brizendine responded, "At this point, let's just go ahead and proceed."

As the Magistrate Judge found, this colloquy satisfies the Seventh Circuit's requirement for waiver as set forth in *Binion*. Additionally, Brizendine signed a waiver of his right to counsel, which also contained all the information required for a valid waiver. Brizendine presents no evidence to show that this waiver was invalid, but merely asserts that the ALJ should have known that despite Brizendine's represented desire to proceed without counsel, Brizendine in fact wanted a continuance in order to obtain an attorney. The court finds such an argument is frivolous.

**IV. Conclusion**

Brizendine fails to put forth any evidence or argument from which the court could find that he did not validly waive his right to counsel. As there are no other objections to the report and recommendation, the court **ADOPTS** the Magistrate Judge's Report and Recommendation in whole.

**SO ORDERED** this 16th day of September 2014.

```
                                    _____
                                    RICHARD L. YOUNG, CHIEF JUDGE
                                    United States District Court
                                    Southern District of Indiana
```

Distributed Electronically to Registered Counsel of Record.